**JONES, Plaintiff-Appellant, v COLUMBUS AND SOUTHERN OHIO ELECTRIC CO., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3985.   Decided October 8, 1947.

L. P. Henderson, Columbus, for plaintiff-appellant.

Burr, Porter, Stanley & Treffinger, Ralph E. Weaver and Bruce G. Lynn, of counsel, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, in an action in which the plaintiff claimed damages for personal injuries suffered by her while a passenger on a gasoline bus operated by the defendant company. The plaintiff claims the trial court committed prejudicial error in directing a verdict for the defendant at the close of all of the evidence.

Briefly stated, the facts are as follows:

On January 29, 1944, at about 9:30 o'clock P. M. the gasoline bus was traveling in a southerly direction on Front Street in the City of Columbus, on the right side of the street, at a speed of from 25 to 35 miles per hour; that at said time an automobile was being driven in a northerly direction on said street and a short distance south of the gasoline bus said automobile side-swiped another automobile headed south which had stopped in the center of the street waiting for traffic to clear to make a left turn; that the automobile being driven in a northerly direction suddenly swerved from its right side of the street and crossed the center line of the street, the right side of said automobile coming in contact with the right side of the standing automobile; that the moving automobile then traveled a distance variously estimated by the witnesses at from 30 to 200 feet on the west and wrong side of the street, colliding with the right front of defendant's bus and then crashed into a line of automobiles parked on the west side of Front Street; that the automobile came to a stop at the side of the bus; that the bus was approximately 25 feet in length and moved a distance less than its length after the

collision before coming to a stop; that the operator of the bus upon seeing the automobile being driven on the wrong side of the street, directly in the path of the bus, in an attempt to avoid a head-on collision, swerved the bus slightly to the left, toward the center of the street and applied the brakes; that in making a sudden stop the plaintiff, who was at that time a passenger on the bus and seated immediately back of the operator, was thrown against the interior part of the bus and injured.

The situation in this case is not dissimilar from that presented in the case of **Cleveland Ry. Co. v Orwig, 124 Oh St 134,** and requires the application of the same principle of law. In the Orwig case a bus was being operated in a westerly direction on a public highway at a speed of from 30 to 35 miles per hour. An automobile traveling in the opposite direction at a speed of about 25 miles per hour approached the bus to within 150 feet when the steering wheel of the automobile suddenly locked, causing the automobile to swerve from the right to the left side of the highway directly in the path of the bus. The driver of the bus swerved to the left in an attempt to avoid a head-on collision, but a collision occurred, and a passenger on the bus was injured. On the evidence the Court held a verdict should have been directed for the defendant. The Court on p. 137 held:

"It is apparent from the undisputed facts that the collison would not have occurred but for the locking of the steering wheel of the car, causing its driver to so lose control over it that it careened to the wrong side of the highway. This and not the conduct of the bus driver was the proximate cause of the accident. It is evident from the record that in the sudden emergency which confronted him the bus driver did what he could to avoid the collision, as he was in duty bound to do. In the situation here presented, the cases are determined upon the principle announced in **Cleveland City Ry. Co. v Osborn, 66 Oh St 45; 63 N. E. 604.**"

In the case at bar the plaintiff contends that there was ample time for the operator of the bus to reduce the speed of the bus and stop; and that a sudden application of the brakes was not necessary; that the emergency had passed before the operator of the bus applied the brakes. The physical facts do not support this contention. Taking a view of the

evidence most favorable to the plaintiff, which the Court is required to do, we find that the front end' of the automobile was near the rear of the bus when both vehicles came to a stop. There is no evidence that the speed of the automobile was reduced before crashing into the parked automobile. The combined distance traveled by the bus and the automobile after the colliion was 25 feet—the length of the bus. The automobile sideswiped the right front of the bus and traveled some distance before crashing into the parked automobiles. It is evident that the bus traveled but a few feet after the collision before coming to a stop indicating the brakes were applied before or about the time of the collision with the automobile. The bus and the automobile would have been found in a different relative position, if the bus traveled a considerable distance after the collision and after the emergency had passed before applying the brakes, as contended by the plaintiff.

While the witnesses in the case at bar differed with reference to time and distance, nevertheless in construing the evidence most favorable to the plaintiff, could reasonable minds reasonably arrive at a different conclusion? We do not think so. After construing the evidence most favorable to the plaintiff, we fail to see what the operator of the bus did which he should not have done, or what he failed to do which he should have done.

The rule of law applicable to such a situation is stated in **Railway Co. v Osborn, 66 Oh St p. 45, as follows:**

"Where a passenger on a street railway car was thrown from the car and injured by the sudden stopping of the car in the effort to avoid a collision, and by the shock of a collision which was not brought about by the negligence of the defendant, it is **damnum absque injuria.**"

In **Canton Motor Coach, Inc., v Hall, 46 Oh St 516,** the Court on page 523 say:

"The mere proof of the happening of an injury to a passenger, without showing an actual definite breach of duty by the carrier, is insufficient in law to constitute a ground of actionable negligence, and the evidence in the record before us in the instant case clearly shows that the cause of the collision was not the negligence of the bus driver, but that of another person who created an emergency in which the bus driver acted in the only way possible for an ordinarily prudent person to act.

We are of the opinion that the record before us fails to sustain the verdict on the issue of negligence, or on the issue of proximate cause. It therefore follows, and is the opinion of this court that the court below erred in overruling the motions of the defendant for a directed verdict made at the close of the plaintiff's case in chief, and at the close of all the testimony in the case."

In the case at bar it is our opinion that the record clearly shows that the cause of the collision was not the negligence of the bus driver but that of the driver of the automobile which collided with the bus and which created an emergency in which the bus driver acted as an ordinarily prudent person would act under the same circumstances.

Other errors are assigned which are covered by a determination of the question relative to the action of the Court in directing the verdict.

Finding no prejudicial error in the record, the judgment is affirmed.

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.